I hope it's warm enough outside for everyone. Today we're very pleased to have with us Judge Moran, who is a federal district court judge from the Northern District of Illinois, and he's sitting with us by designation. Judge Moran sat with a panel yesterday and this is the second panel for the Federal Circuit today. On the docket today we have five cases, four of which will be heard and one submitted on the record. The first case for the record is Boggs v. DVA 2007-7137. It will be heard orally, and for the record I'd like to submit the case Johnson v. OPM 2007-3252, which will be heard, submitted on the record. Mr. Kaplan, whenever you're ready. May it please the Court. The Veterans Court below applied an unlawful standard when assessing whether Mr. Boggs' claim for service connection was a new or reopened claim. The Court held that despite the existence of separate and distinct diagnoses, conductive hearing loss on the one hand, sensorineural hearing loss on the other, because those diagnoses shared the same symptomatology, they should be considered the same claim for purposes of 38 U.S.C. 7104B. I spent a fair amount of time trying to figure out what the relationship between 7104B and 5103 is, the new and material evidence provision. That's not much discussed in either of the briefs. As best I can make out, these two provisions have perhaps a common origin in regulations going back before the Second World War. The difference to be between a new and material evidence claim and a new claim theory, that is, same factual basis, they seem very closely related. If something is a new claim, wouldn't it also be reopenable as a new and material evidence claim? That's, I guess, question one. Question two is, is there any practical consequence to treating a claim as a new and material evidence claim or a new claim? In either event, they get the same effective date, right? To answer the second question first, there is a material difference. There are several material differences. For example, one, as in fact happened on this case, as the Board determined, when a claim is seen as a claim to reopen and new and material evidence is required, the VA, for one, can rely on, the Board can rely on previous denial before as evidence as to whether or not the claim has any medical evidence. And also, it won't look at the claim de novo from the beginning. So in that case, there is a difference here, which is why the appellant in this case, we're looking for a new claim because they all start over. And also, the duties- There's no difference in the effective date of the benefits, though, is there? No. And to my knowledge, that doesn't affect the date of the benefits. And in this case, I think some of the case law here perhaps helps describe the difference between 5108, which is the provision, talks about new and material evidence, and 7104B, which is the same factual basis. 5103 is the notice provision. Oh, sorry. I'm assuming. I'm just assuming that that's what you're referring to. Yeah, 5108, that's right. In the claim that you're advancing now, is there any difference between that and the 55 claim in terms of its definition under the diagnostic codes? Well, in terms of a claim that's being opened, at this point, the diagnostic codes, in our view, and in the Secretary's view as well, is not dispositive. The diagnostic codes are, as the Secretary has referred in the past, is a guide. And there are specific provisions in the CFR that talk about if something's not specifically listed as one of the diagnostic codes, they could build that claim. That's not a problem. That's in no way dispositive of whether or not a claim exists. I know, but even if not dispositive, is there a difference here? I think there's a difference in terms of, I just want to make sure I'm understanding. Under the diagnostic codes, how this would be defined? The ultimate injury? I'm not sure how actually the ultimate injury. Neither conductive or sensorineural hearing loss specifically is defined in the diagnostic codes. Those are things that would be under, that is what the VA would then determine, what they determine. The basic diagnosis is what starts everything, and then we move to the diagnostic codes to decide what the rating will be. And that's actually then when symptomatology comes into play. But not the diagnostic basis at that point, because symptomology at that point would determine the results of the payments. Exactly, exactly. And so at that point, it makes sense how disabled are you at that point. But it all begins, as this Court acknowledged some time ago, nearly 10 years ago in EFRIM, that it begins with diagnosis. And the diagnosis is the appropriate place to say, that's where the claim begins. Then the entire process, if we ask the secretary, how does it start? They'll first try and get the medical examination, they'll determine what the injury is, in this case the diagnosis, and then everything will flow from there. That's the only way you can determine what the nexus is between the injury that may have existed when the veteran was in service and the injury now. Again, it's not hearing loss is too broad. Well, come back and tell me what the difference is between a new and material evidence claim and a new claim, because I'm having difficulty understanding how to draw the line. Because if there is a new and material evidence claim, you could say, well, we now understand that this is an inter-ear problem rather than a middle-ear problem. That could be new and material evidence to reopen the claim. It could also be an argument for provisions. How do they relate to each other? I think the line is actually, this case, and then you take into account Ashford, draws that line actually quite nicely. Because I think you're right, new and material evidence could subsume under one definition, in fact I believe probably the secretary's definition, 7104B, because anything, any new claim really is new and material evidence. In this case, I think that when you compare Ashford, which talked about a new theory of entitlement, in other words, I come back some years later after having an initial claim denied, and I said, you know what, I realized something about my claim before. And what I realized about my claim before is that I was, as an Ashford, I was exposed to asbestos, and therefore that will substantiate my claim. That is a good dividing line, versus a case where I actually had a different injury. That's a new claim. I think that's a good way of dividing the line between a definition that would lead to absurd results, again, because... New claim means different injury. That's how it should be defined. I think that's where factual basis comes in. And again... But then the problem is, with what level of generality do you describe the injury? Is it a hearing loss? That's one level of generality. The other one would be, it's an injury to the middle ear or the inner ear. I mean, you know, how do we know which of those levels of generality is the correct one to apply in determining whether it's a different injury? And that's a fantastic question, because that gets to the heart of what's going on here. In other words, if you just went with the general one, or his or her application as happened here, they're gonna say, oh, hearing loss, that's what I have. They're not a medical doctor. Then when you get the diagnosis, I think the best way to determine it is to rely on the doctor who is competent to determine what the injury is. And that's... The diagnosis is the best way to rely between the two, because at some point you're gonna have to look at something. I don't know any way around figuring out how to start something as a new claim. So it's either gonna have to be the symptoms, which again, are always gonna be broader than the diagnosis, which is gonna be more narrow and more precise, and in addition, will trigger the rest of the inquiry that the VA will undertake when they're faced with a claim for service connection. So the differentiation then, according to you, would be the diagnosis differentiation? Yeah, I think that's the upstander. And this court in Ephraim, I think, appropriately found that to be the case. This court said that when there's a new diagnosis, that triggers a new claim. And that, again, as we said, makes perfect sense for a number of reasons, and also is a good dividing line, as Judge Dyke pointed out, between new material evidence and simply a new factual basis. They could be viewed as one and the same, but this seems to be a natural dividing line between the two, and that's, I presume, why this court went ahead and held in Ephraim that a new claim is based on a new diagnosis. And in turn, why in Ashford, the Veterans Court held, and the Veterans Court has held this several times since, that a new theory of entitlement, again, asbestos exposure, you know, again, based on the same initial diagnosis, asbestos exposure or whatever else you might have, that's not a new factual basis. That's an attempt to reopen a claim, because, again, that doesn't start the claim over, that's just another attempt at trying to figure out why you were service connected. And so the better view, in our view, is what this court has already held in Ephraim, and that's the one that's most persuasive on this set of facts that the court has before it today. In addition... There's some, perhaps, some support for that in the history of the provision, which you might take a look at, because in the regulations, which I think resulted in the statute, it referred to the same factual basis, such as in the case of a living veteran, the same disease or something. It seems to be somewhat similar to what you're proposing. Yeah, that, you know, we couldn't locate anything directly in the legislative history that would support either view, it wasn't entirely clear, but I agree that's something that seems to make sense, again, that the diagnosis would trigger, again, the whole, the entire system is based on starting with the diagnosis, and actually ending with the symptoms, because that's when the rating is determined, or changed, as the case may be. And to make clear, the Veterans Court below misinterpreted Ashford in developing its legal holding here. Ashford, again, said nothing about what happens in the case where a new diagnosis is presented. It had one line that, taken out of context, may have seemed to present that issue, but in no way did Ashford discuss that. Well, he seemed to have disregarded Ephraim. Yeah, well, that's the thing. We argued that below, that Ephraim was the appropriate case, was the controlling, if not just persuasive case here, and the court never addressed it, never cited to it. But Ephraim's not really construing the provision that we're involved with here. That's absolutely correct. So I would not argue that Ephraim mandates that same decision in this case, because it was construing a different statute. But at the same time, there was nothing about that construction that would not apply here. Everything in Ephraim talked about when you differentiate claims, and none of it tied it to that jurisdictional statute that it was interpreting. It merely discussed when is something a new claim. And again, you could literally pick up a lot of the language from Ephraim and drop it here, and it would directly apply. And it had nothing to do with the fact that it was interpreting the BJRA. I think that's a red herring, and the Secretary raised that issue. But there's really nothing in that opinion that I think bases it on the fact that it was construing that statute. In fact, what the Secretary argues is it talks about cases, that the BJRA refers to cases as opposed to claims. But interestingly, the court below, in the Veterans Court and this court in Ephraim, only talked about claims. That's the only word it used. Each time, it said claim never referred to cases. So in our view, Ephraim is the better controlling case here. Moving on to the second issue quickly, the Veterans Court recognized at least two problems in the VCA notice error provided by the VA. First, it did not provide a basis for the RO's 1955 denial of Mr. Boggs' claim. And second, it did not inform him of what information he can now submit. There are two major errors, though, that the Veterans Court went on to commit when it assessed Harville's error. First, it did not provide a basis for the RO's 1955 denial of Mr. Boggs' claim. And second, it did not inform him of what information he can now submit. Does this issue make any difference if we were to agree with you on the first one? Not at all. This issue would go away. This issue is only operative if the court decided that this was a claim to reopen. And therefore, that notice needed to be provided. Do you wanna save the rest of your time for rebuttal? I would. Thank you very much. Thank you. May I please report? The whole thing of the Veterans Court was that because Mr. Boggs' current disability is the same as that addressed and finally decided by the RO in 1955, that the board did not dare in construing the account's claim as a request to reopen a claim. So the current disability. As I understand Mr. Boggs' argument at the bottom of page 23 of his brief, and from looking at the Merck manual material that he cited, the distinction he's making is between a hearing loss claim that can be caused by a virus or a hearing loss claim that can be caused by noise. But either way, it's still a hearing loss claim, and that's all the VA regulations recognize. But he's saying that there's a difference between hearing loss, which is looking at it at too high a level of generality, as opposed to the original claim being a middle ear claim and this one being an inner ear claim, right? He's trying to make that distinction, but the VA regulations don't recognize such a distinction, and that's one of the differences between this case and Ephraim, is that in Ephraim, you have this very, as the court talks about, because there's no reference in the regulations to an inner ear and middle ear claim. That's one of the differences, yes, compared to Ephraim, where you have post-traumatic stress disorder recognized as a compensable disability, and the depression disorder that Mr. Ephraim suffered as a separate disability. But it was a different diagnosis. It was a different diagnosis of a disability that's recognized in the VA regulations. So why shouldn't we start off with the diagnosis first, instead of the symptoms? Well, because the, well, it doesn't matter here, because the diagnosis is the same. And then what it comes down to is the Veterans Court making its factual determination as to whether it's the same disability or a different disability. And there's no reason for the court to impose some kind of a test on the Veterans Court to determine how it distinguishes between, how it determines whether a claim is based on the same factual basis or not, given the wide array of conditions and diseases and injuries that the veterans could have. The Veterans Court should be given considerable leeway in making their determinations. And since it's factual, the court should not touch those findings. Well, the aspects of trying to establish a diagnosis approach, if I'm complaining of a hearing loss, and the hearing loss is then attributed to wax in my ear, that symptom basically is different than having something which would be diagnosed as an infection in the middle ear, wouldn't it? I mean, there are two different diagnoses for the same type of a symptom, whether it's a hearing loss due to wax in the ear or an infection in the middle ear. Well, I mean, arguably, if they're just simply wax in the ear, there's no real hearing loss. But the VA regulations don't make these distinctions, and the regulations themselves are not being challenged in this case. So that under the regulations, there's just that one disability, the hearing loss. So you're saying we should make it turn on whether the VA regulations treat it as a separate disease or condition or don't? Well, what I'm saying is that the test, the same factual basis test, that in most cases, the Veterans Court is going to have to make a factual determination, which should not be disturbed by this court. However, reading AFRO generously, since it is a different statute, the only potential circumstance we could see in which it wouldn't just simply be factual would be if there were separate diagnoses or separate disabilities recognized in the Veterans regulations. Well, do you agree, I mean, with the distinction that was drawn or the definition that was given in the regulations that appear to underlie this statute, that same factual basis refers to the question of whether it's the same disease or injury? I think we would agree with that, yes. And what's the relationship between the new and material evidence provision and the same factual basis provision? What's the line to be drawn between those two? It's confusing because they seem to be addressed to some extent to the same problem. They are, and we don't have a firm line test to give to the court because it is factual and because there's so many factual patterns that could be presented. The Veterans Court should be given leeway in making that determination. That's our position. Well, the problem, you could have adopted regulations, which spelled out the difference, but the regulations really don't draw the line between the two, right? Between the... New and material evidence and same factual basis. Not that I'm aware of, no. And there's really no definition in the regulations of what same factual basis means, right? I don't believe so, Your Honor. Just move on briefly then to the notice issue. The notice issue is, again, factual. The court's cases since Sanders have recognized that when the Veterans Court makes factual findings with respect to the notice provided in terms of the prejudice, that's a factual determination that should not be disturbed by this court and that same result would apply here. And I just ask the court to affirm the Veterans Court. Thank you, Mr. O'Connell. Mr. Kaplan? To be clear at the outset, the Secretary attempts to turn this into a sort of factual issue, which in this case, there's nothing about what we're presenting that would suggest that we want the court to rule on the facts of this case. The Veterans Court clearly described the symptomatology standard in this case as controlling, and that's the word it used. Ashford controls and interpreted Ashford to mean that symptomatology standard is a standard that controls. I don't think anybody's really suggesting that there's not a real legal issue here for us to resolve. Well, my understanding is the Secretary said this is about the facts, and I believe in their briefing they did, too. But moving on to the regulations, which I think is a key issue that was just discussed, the regulations are used as a guide and only as a guide, and that's in the Secretary's own words. And in fact, in 38 CFR 4.20, it talks about analogous ratings for this very situation, where when an unlisted condition is encountered, they'll be permissible to rate under a closely related disease or injury, et cetera, et cetera, et cetera. So the regulations themselves build in the notion that it's not going to account for every disease or disability, and therefore, again, the rating system is one that is not what this court should base its holding on. The diagnosis makes the most sense by a competent medical expert, and that seems to reflect, again, Judge Dyke, I recognize and I agree with your thoughts about 5108 and its relationship to 7104B. It's difficult to understand because one could subsume the other, but I think in order to make sure that doesn't happen, that new and material evidence would seem to apply to a case, again, where there's a theory of entitlement, and as the Veterans Court has in fact, in Ashford, it's instructive, that's the dividing line it drew. It said that when it was discussing that theory of entitlement is a claim to reopen, it then cited Ephraim, but it said, but see Ephraim, and then highlighted the fact that Ephraim was a case about diagnoses. So even the Veterans Court recognized that there are two different ways to go here on a factual basis, you know, under its understanding, and we believe this court should adopt that reasoning. And furthermore, unlike the Secretary's suggestion, it wouldn't bind the hands of the VA in any way that wouldn't, that makes it unlawful. In this case, the statute says a new factual basis, I believe it's important for the VA to have a standard by which to adhere, and it should not be the symptomatology standard. So suppose that Mr. Boggs were in the artillery, which I guess he was, and that he's saying that exposure to loud noise results in hearing loss. The first time around he says the loud noise from the artillery caused damage to the middle ear, which caused the hearing loss, and then the second time around he says the noise from the artillery caused damage to the inner ear, which resulted in hearing loss. Are those two separate claims? I think they are, because the claim is based on, again, the entire system is inquiry begins. So if, again, a claim is one thing, but if he presents a medical diagnosis that shows, this wouldn't be applicable to frivolous claims where someone just tried to artfully plead as an attorney might do. In this case, they're talking about a diagnosis that's distinct, and when they present that, then the VA should treat that as a claim with a different factual basis. Those would be two separate claims then, covered under 7251, like it was in Ephraim? Yeah, those would be, yes. Just like Ephraim, those would be two separate claims. Two separate claims. And that is very similar to Ephraim, Judge Garza. I'm glad you pointed that out, because the manifestations may have been the same, these two mental disorders. But when the veteran came back and said, well, in addition to depressive neurosis, PTSD, I also have a mental disorder. In that case, for jurisdictional purposes, we get here that that shouldn't have any bearing in the courtship fund, that that's the appropriate standard and not the symptomatology standard. Thank you, Mr. Caplan. The case is submitted.